# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3393

_____

United States of America

*Plaintiff - Appellee*

v.

Christeena Janell Barker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: September 18, 2012
Filed: September 19, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Christeena Barker pled guilty to a drug offense in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The district court[1]

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

sentenced her below the advisory Guidelines range to 276 months in prison and 10 years of supervised release.  On appeal, Barker's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argues that Barker's sentence is unreasonable.  Barker has filed a pro se supplemental brief claiming that her sentence is unreasonable and that she received ineffective-assistance of counsel.

The written plea agreement in this case contains an appeal waiver, under which (as relevant here) Barker waived her right to appeal her sentence if the district court sentenced her at or below its Guidelines determination of life in prison.  Upon careful de novo review of the record, *see United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009), this court will enforce the appeal waiver.  The district court sentenced Barker at or below its Guidelines determination; the record reflects Barker entered into the plea agreement and waiver knowingly and voluntarily; Barker's challenge to her sentence falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the appeal waiver in this case.  *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waivers).

While Barker's ineffective-assistance-of-counsel claim is not barred by the appeal waiver, this court declines to address it in this direct appeal.  *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), within the constraints of the appeal waiver, this court finds no nonfrivolous issues.  This court therefore grants counsel leave to withdraw, and dismisses this appeal.

_____